IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **VICKIE W. HOLLIDAY,** | ) |
| **Plaintiff,** | ) |
| v. | ) CIVIL ACTION NO.: 5:10-00879 |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner of Social Security,** | ) |
| **Defendant.** | ) |

**MEMORANDUM OPINION AND ORDER**

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's Application for social security benefits. The parties have consented to jurisdiction before the undersigned United States Magistrate Judge. (Document Nos. 2 and 3.)

On April 20, 2011, counsel for Plaintiff filed a Motion to Dismiss. (Document No. 6.) Counsel asserts that Plaintiff "no longer wishes to proceed with this action." (Id.) Federal Rule of Civil Procedure 41(a)(1)(A)(I) provides that a plaintiff may dismiss voluntarily an action without a Court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice or stipulation [of dismissal] states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal-or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4tha Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent

substantial prejudice to the defendant." <u>Andes v. Versant Corp.</u>, 788 F.2d 1033, 1036 (4tha Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. <u>See</u> <u>Vosburgh v. Indemnity Ins. Co. of North America</u>, 217 F.R.D. 384, 386 (S.D. W.Va. Sept. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." <u>Id.</u>

Defendant has filed neither an Answer to Plaintiff's Complaint, nor otherwise pled. Accordingly, it is hereby **ORDERED** that Plaintiff's Motion to Dismiss (Document No. 6.) be viewed under Federal Rule of Civil Procedure 41(a)(1)(A) and that this matter be dismissed under Rule 41(a)(1)(A)(I) without prejudice. The Clerk is directed to remove this action from the docket of the Court.

The Clerk is directed to file this Memorandum Opinion and Judgment Order and mail a certified copy of the same to counsel of record.

ENTER: April 26, 2011.

R. Clarke VanDervort
United States Magistrate Judge